■ MANHATTAN LIFE INSURANCE COMPANY, Appellant, v. CONTINENTAL INSURANCE COMPANIES et al., Respondents.— Judgment, Supreme Court, New York County, entered on September 6, 1972, dismissing the complaint in this controversy submitted and determined upon an agreed statement of facts (CPLR 3222), modified, on the law, to the extent of granting judgment to the plaintiff against defendant, the Continental Insurance Companies, without costs and without disbursements, and otherwise affirmed. We conclude from this abbreviated record that plaintiff mortgagee had an insurable interest in the premises which were destroyed by fire on June 28, 1970. While the deed from plaintiff to the Secretary of Housing and Urban Development was executed prior to said fire and was delivered to plaintiff's attorney prior thereto, to be held by him, it was not recorded until the day after the fire. It is true, as is contended by respondent, Continental Insurance Companies, that ordinarily acceptance by a grantee will be presumed. (*Williams* v. *Ellerbe*, 62 Misc 2d 827.) But, in the case at bar, this presumption appears to be rebutted by the regulations of the Federal Housing Administration. Under those regulations it was provided as follows: " FHA G 4010.6, Chapter 12 ' f '. FHA Acceptance of Responsibility. On the date the deed to the Secretary is filed for record, FHA assumes full responsibility for all expenditures for repairs, winterizing, property clean-up and other miscellaneous expenses. The mortgagee or its agent should forward all keys to the property to the FHA insuring office with Form 1025." It was also provided that: " On the day the deed * * * is filed for record, the mortgagee or its authorized agent must submit FHA form 1025 * * *. It is essential that these notices be accurately prepared and properly submitted on the day the deed is filed for record, so that the property may be inspected, the asset recorded on FHA's books of account and other preliminary processes performed." Acceptance of the deed, by virtue of the delivery thereof to the plaintiff's attorney, cannot be presumed in view of the regulations of which both parties to the original transaction must have had knowledge. The presumption of delivery and acceptance by the grantee being thusly rebutted, title remained in plaintiff until the deed was recorded, which did not take place until after the fire destroyed the subject premises. Insofar as defendant Aetna Casualty & Surety Insurance Company is concerned, plaintiff concedes that as to the formal proof of loss, it was not timely filed. Concur —McGivern, J. P., Markewich, Lane and Capozzoli, JJ.; Murphy, J., dissents and votes to affirm on the opinion of Frank, J., at Trial Term.